## Levin v. Hanson Garage, Inc.

*Walter M. Phillips* and *Rowland C. Evans, Jr.*, for plaintiff.

*Lewis Weinstock* and *Joseph Kaplan*, for defendant.

WINNET, J., January 28, 1942.—This case involves the construction of Rule 2002 of the Pennsylvania Rules of Civil Procedure, requiring prosecution of actions by the real party in interest. Defendant is seeking to compel plaintiff to substitute as the real party in interest the Phœnix Insurance Company.

On April 9, 1941, plaintiff brought suit to recover for the loss of his automobile while it was in the custody of defendant, a garage keeper. Defendant, alleging that plaintiff's loss had been paid by the Phœnix Insurance Company, petitioned for the substitution of the insurance company as plaintiff on the ground that it was the only real party in interest. Plaintiff filed an answer and denied that he was paid by the company and averred that the insurance company had loaned him the amount of the loss which was to be repaid in the event of a recovery from any third party. During the continuance of the case for the taking of depositions on the petition and answer Pa. R. C. P. 2002 was amended. On October 29, 1941, a further exception was added to the rule requiring prosecution of the action by the real party in interest: "(d) Clause (a) * of this rule shall not be mandatory where a subrogee is a real party in interest." Plaintiff thereupon withdrew his answer to the petition in which he had claimed the loan device exempted him from the rule, and rested on the amendment, on the right of the subrogee to choose not to be a party plaintiff.

---

*"(a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts."

Two questions are raised by the petition: First, whether the amendment to the rule applies to cases pending on the effective date of the rule; and second, if it be no longer mandatory that suit be brought in the name of a subrogee, the real party in interest, who decides how it shall be brought—the subrogee or the court.

1. Defendant has insisted that the amendment does not affect this suit, relying on Pa. R. C. P. 152, on Construction of Amendatory Rules:

"Whenever a rule or part of a rule is amended, the amendment shall be construed to merge into the original rule, become a part thereof, and replace the part amended. The remainder of the original rule and the amendment shall be read together and viewed as one rule promulgated at one time; but the portions of the rule which were not altered by the amendment shall be construed as effective from the time of their original promulgation and the new provisions shall be construed as effective only from the date when the amendment became effective."

Plaintiff on the other hand insists that the amendment became effective on October 29, 1941, immediately upon its promulgation in accordance with rule 151 which states: "An amendment to a rule shall be effective immediately upon promulgation unless the Supreme Court in promulgating the amendment specifies a different effective date." Plaintiff argues that, in the adoption of the rules regulating actions by real parties in interest, Pa. R. C. P. 2024 specifically states that the rules shall not apply to actions pending at that time, to wit, September 4, 1939. The absence of a limitation in the promulgation of the amendment indicates the intention of the Supreme Court, according to plaintiff, that the amendment shall be effective immediately.

Rule 152 is controlling, and the amendment, in absence of limiting words, is effective only from the date

the amendment became effective. It does not affect pending actions. This is a wise general provision so as not to cast an undue burden on litigants by compelling changes in the middle of suits. Since such a provision is for the benefit of the litigants it should not prevent a litigant in a pending action from presenting an application for leave to conform it to the new rules. Whether it shall be allowed is a matter for the sound discretion of the court. Rules of court are adjective law and changes in such law may affect pending actions, since its concern is the more expeditious and better administration of causes in litigation. Here is an important amendment to a rule and no good reason has been shown why plaintiff should not be allowed the advantage of it. Defendant will be deprived of no benefit to which he is equitably entitled. In any event plaintiff could gain that advantage himself by the simple expedient of discontinuing his present action and bringing a new suit. This would only delay the cause and involve unnecessary costs. To force a litigant to do this would be flying in the face of rule 126, which provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

2. Plaintiff insists that the new amendment gives the subrogee the choice whether or not to be the plaintiff in the action. Counsel for defendant with great seriousness contends that the court must in each case determine whether or not the general rule (clause $(a)$) or the exception (clause $(d)$) is to apply.

Rule 2002 was amended because of the criticism which had been lodged against it. Insurance companies which acquired subrogation rights by reason of payment of claims complained that it was prejudicial to require them to disclose their interest, and particularly

unfair when it was not permitted to disclose that the defense of the case was so often in the hands of an insurance carrier, also a real party in interest. And frequently, where only part of the insured's claim was reimbursed, the insured complained of the burden of the joinder of an insurance company as an additional plaintiff. For the difficulties created by the rule see Wolf et al. v. Gross, 38 D. & C. 413, Hemminger v. Johnson, 39 D. & C. 13, Seman v. West Penn Railways Co., 40 D. & C. 157, Majors et ux. v. Lucaric, 40 D. & C. 317, and Katzman v. Bennetch, 40 D. & C. 716. To cure the complaint, clause (d) was added and it became no longer mandatory to name a subrogee who was a real party in interest a party plaintiff.

Rule 127 states that, in any question on the meaning of a rule, the intention of the Supreme Court may be ascertained by considering, among other matters, "the object to be attained". There can be no doubt about the object of the amendment. It was to avoid the difficulties and the complaints above enumerated. And yet, defendant insists that plaintiff, the subrogee, should prosecute the action and thus subject it to that prejudice which the amendment sought to obviate. Not only that, but defendant insists that in each case we should weigh the prejudices and decide whether or not to allow a subrogee to take advantage of the amendment. Such a conclusion would lead to confusion, uncertainty, and defeat the very purpose of the rule.

Rules of court, if they are to have value, should eliminate, as far as it is humanly possible, court rulings on procedure. Their purpose is to state in the first place what must be done by the parties in litigation. The rules on actions by real parties in interest, rules 2001 to 2025, have laid down what must be done in the prosecution of a suit. Rule 2002 has instructed litigants that the prosecution of actions *shall* be by the real parties in interest. Clause (d), which is the recent amendment, has instructed them that this is no longer

mandatory, no longer compulsory where the subrogee is a real party in interest. This clearly means it is no longer compulsory to the litigant; in other words, the decision must be his and not the court's. To allow each case to be determined by the court would bring uncertainty where certainty is desired. It would defeat the principle of construction set forth in rule 128: "(b) That the Supreme Court intends the entire rule or chapter of rules to be effective and certain."

Defendant's petition asking that the Phœnix Insurance Company, a subrogee, and the real party in interest, be substituted as party plaintiff is, therefore, refused, and the rule to show cause thereon is discharged.